IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN BROWN and SANDRA BROWN,
Husband and Wife,

        Plaintiffs,

v.                                      Case No. 6:15-cv-01330-JTM

JAVIER CARMONA CEBALLOS;
GM CARGO, INC.; and
CASTLEPOINT FLORIDA INSURANCE
COMPANY,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on the following motions: plaintiffs' motion for default judgment and request for a hearing on damages (Dkt. 8); defendants' motions to set aside the clerk's entry of default and for leave to file responsive pleadings out of time (Dkts. 12, 14, 17, 19); and plaintiffs' motion for a hearing (Dkt. 26).

**I. Background**

Plaintiffs filed this action on October 22, 2015. The complaint alleges that on December 4, 2013, defendant Javier Carmona Ceballos ("Carmona") was driving a tractor-trailer rig on Interstate 70 in Kansas when he negligently caused the truck to strike plaintiffs' vehicle, thereby injuring the plaintiffs. Dkt. 1 at 1.

The complaint alleges that Carmona was an agent or employee of defendant GM Cargo, Inc., and that his acts and omissions were within the scope of his employment,

making GM Cargo vicariously liable for Carmona's actions. It also alleges that GM Cargo breached a duty to plaintiffs to use reasonable care in the hiring, retention or training of Carmona, and thereby proximately caused plaintiffs' injuries. Additionally, the complaint alleges that defendant CastlePoint Florida Insurance Company was the insurer of GM Cargo and Carmona.

On November 20, 2015, plaintiffs applied for a clerk's entry of default, asserting that defendants had been properly served but had not answered or otherwise appeared within the time permitted by rule. Dkt. 6-1. The clerk entered default against the three defendants on November 23, 2015. Dkt. 7. On November 25, 2015, plaintiffs filed a motion for default judgment and requested a hearing on damages. Dkt. 8.[1]

On December 22, 2015, GM Cargo and CastlePoint filed motions to set aside the entry of default and for leave to file responsive pleadings out of time. Dkts. 12, 14. Carmona filed similar motions the following day. Dkts. 17, 19. All were filed by the same counsel. In light of these filings the court canceled a scheduled hearing on plaintiff's motion for default judgment. Dkt. 15.

In their motions to set aside the default, defendants contend there was good cause for their failures to timely respond. CastlePoint alleges that the complaint and summons were inadvertently routed to a separate entity that handles personal lines of insurance rather than to its affiliate that handles commercial lines. Dkt. 14 at 3. CastlePoint alleges it did not actually receive notice of service and did not learn of the

---

[1] Plaintiff's counsel submitted an affidavit in support of the motion which stated that counsel had received an e-mail from an attorney in Miami, Florida, who represented that she had been contacted by GM Cargo. The lawyer represented that her firm "was 'in the process' of notifying [GM Cargo's] insurance carrier and 'confirming' [that] the insurance will provide legal representation." Dkt. 8 at 4.

2

default until December 3, 2015. *Id*. at 4. As for GM Cargo, it acknowledges that its registered agent, Nereida Marrero, was served with the complaint on October 28, 2015, but it alleges that Ms. Marrero is not from the United States, that English is not her primary language, that she is unfamiliar with the legal system, and that she was unsure what to do. It alleges that Marrero met with a Miami lawyer within two weeks of receiving the summons, who advised her to contact GM Cargo's insurer, but the insurance representative she tried to contact was initially out of town, such that she was unable to inform the agency of the suit until November 23, 2015. *Id*. at 4. Finally, defendant Carmona claims that service was made upon his daughter-in-law, who was only visiting at his house while he was on the road driving, and he claims that he did not receive notice of the suit until he returned home on November 13, 2015. He further alleges that he is from Cuba, that he does not speak, read or write English, that he did not have anyone to translate the papers for him, and that he did not know what to do with the papers that were left for him. Dkt. 18 at 2.

    In response, plaintiffs argue that the affidavit from Carmona is false and that it was submitted in bad faith, as evidenced by a voice message left for plaintiffs' counsel by one Argeny Carmona, who said he was calling on behalf of defendant Carmona. The caller asserted that the police had ticketed Carmona and told him he was guilty without any investigation, and the caller basically asked counsel for an explanation of the suit. Plaintiffs note that the message was left on October 31, 2015, which they say impeaches Carmona's claims that he did not learn of the suit until November 13 and that he did not have anyone to translate the papers for him. Plaintiffs similarly contend that the

3

affidavits submitted by the other defendants omit a variety of material facts and do not state good reasons for the failure to timely answer. Plaintiffs contend the failure to answer "by all three defendants was willful, due to culpable conduct on the part of lawyers and representatives for GM Cargo, and due to culpable conduct on the part of at least five insurance professionals who were responsible for protecting all three defendants." Dkt. 23 at 15. Plaintiffs additionally argue that defendants have presented no meritorious defenses to the claims.

### II. Standard

The court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). "In deciding whether to set aside an entry of default, courts may consider, among other things, 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.' " *Pinson v. Equifax Credit Info. Servs.*, 316 Fed.Appx. 744, 750 (10th Cir. 2009) (quoting *Dierschke v. O'Cheskey (In re Dierschke),* 975 F.2d 181, 183 (5th Cir. 1992)). *See also Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014). "[T]he good cause required by Fed.R.Civ.P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed.R.Civ.P. 60(b)." *Dennis Garberg & Assocs., Inc. v. Pack–Tech Int'l Corp.,* 115 F.3d 767, 775 n. 6 (10th Cir. 1997).

### III. Discussion

While defendants are not free from blame in failing to act more promptly, they have cited extenuating circumstances that mitigate their failures to some degree.

4

CastlePoint, for example, has cited evidence that its failure to timely respond was due in part to a negligent misrouting of the complaint and summons. Once it became aware of the suit and the default, CastlePoint took steps to respond to the claim. GM Cargo, on the other hand, received timely notice of the suit, but cites language and cultural barriers as contributing factors in its failure to timely respond. While these factors certainly do not amount to legal excuses, the court concludes that they do contribute to a finding of good cause, particularly since Ms. Marrero made at least some good faith efforts to address the matter in a timely fashion. Similarly, defendant Carmona has cited a language and cultural barrier in addition to at least some delay in his receipt of notice[2] due to his absence from the home and the fact that process was served upon a relative who may not have been a permanent resident of his home. None of these explanations is terribly compelling insofar as excuses go -- in fact they all show negligence to some degree -- but they do provide non-willful and plausible reasons explaining why there was some delay in responding.

The court also concludes that a lack of prejudice to plaintiffs weighs in favor of setting aside the defaults. As an initial matter, defendants responded to the suit before any hearing on damages could be held and before entry of default judgment, meaning neither the plaintiffs nor the court have expended substantial resources to this point.

---

[2] Plaintiffs repeatedly claim that Carmona's affidavit is false because it said "the first notice I received regarding the lawsuit" was when he returned home on November 13, 2015, while the October 31, 2015, voice message from Argeny Carmona suggests defendant may have been notified of the suit by October 31st. The "first notice" in the affidavit may well have been referring only to defendant's receipt of the summons and complaint and the instructions contained therein, rather than to some word of mouth, but, in any event, the court does not consider this to be material in the absence of any prejudice to plaintiffs from the defendants' delay.

Plaintiffs express concern that some evidence (driver's logs) may have been lost or destroyed in the interim, but that eventuality (which is speculative at present) can be addressed through the normal discovery process and, if appropriate, through other means such as the drawing of an adverse inference from spoliation of evidence or through other sanctions. Plaintiffs also complain of prejudice in the form of having to respond to CastlePoint's proposed motion to dismiss, but that is not prejudice resulting from defendants' delay in responding.

Plaintiffs also argue that defendants have set forth no meritorious defenses. But in connection with a motion to set aside default:

> The parties do not litigate the truth of the claimed defense in the motion hearing. Rather, the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action. For purposes of this part of the motion, the movant's version of the facts and circumstances supporting his defense will be deemed to be true.
> The allegations may be satisfactorily presented in the written motion itself, in an appended proposed answer, or in attached affidavits. * * *

*Clelland v. Glines*, 2003 WL 21105084, at *5 (D. Kan., Apr. 11, 2003) *aff'd*, 96 F. App'x 660 (10th Cir. 2004) (citing *In re Stone*, 588 F.2d 1316, 1319-20 (10th Cir. 1978)).  Under this lenient standard, defendants have cited sufficient grounds to justify setting aside the default. They have challenged plaintiffs' version of the traffic accident and, if defendants' version of events were accepted as true, it would constitute a defense. Whether the evidence will bear out their version is a matter for another proceeding. On

balance the circumstances here weigh in favor of setting aside the defaults previously entered.

In so finding the court has considered plaintiffs' arguments for a hearing requiring "all persons who provided affidavits in support of setting aside the default and answering out of time to be present and available for cross-examination, as well as requiring these persons (agents or employees of CastlePoint) whose actions are described in the affidavits to personally appear: Herb Loynaz, David Gatchell, Vicki Sadkowski, and Carmen Lambert-Vazques." Dkt. 27 at 1. The court concludes that such a hearing – essentially a mini-trial -- is both unnecessary and contrary to the objective of securing "the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1.

"The preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970). That preference is sufficient to carry the day in view of all of the circumstances, including the lack of prejudice to the plaintiffs from the relatively brief delay in defendants' response.

**IT IS THEREFORE ORDERED** this 31st day of March, 2016, that defendants' motions to set aside the clerk's entries of default (Dkts. 12 and 17) are GRANTED. The clerk is directed to set aside the entries of default against defendants Javier Carmona Ceballos, GM Cargo, Inc., and CastlePoint Florida Insurance Company;

**IT IS FURTHER ORDERED** that plaintiffs' motion for default judgment (Dkt. 8) and for a hearing on "good cause" (Dkt. 26) are DENIED;  and

**IT IS FURTHER ORDERED** that defendants' motions for leave to file responsive pleadings out of time (Dkts. 14 and 19) are GRANTED. Defendants are granted until April 11, 2016, to file their responsive pleadings.

___s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE
