IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN BROWN and SANDRA BROWN,

        Plaintiffs,

v.                                      Case No. 6:15-cv-01330-JTM

JAVIER CARMONA CEBALLOS;
GM CARGO, INC.; and
CASTLEPOINT FLORIDA INSURANCE
COMPANY,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on defendant Castlepoint Florida Insurance Company's motion to dismiss (Dkt. 34). The motion argues that the court lacks personal jurisdiction over Castlepoint.  For the reasons set forth below, the court denies the motion.

**I. Background.**

Plaintiffs' complaint alleges that on December 4, 2013, defendant Javier Carmona Ceballos ("Carmona") was driving a tractor-trailer rig on Interstate 70 in Kansas, when he negligently caused the truck to strike plaintiffs' vehicle, thereby injuring the plaintiffs. It alleges that Carmona was an agent or employee of GM Cargo, Inc., and his acts were within the scope of his employment, making GM Cargo vicariously liable for his actions. It also alleges that GM Cargo's negligence in hiring, retaining and training Carmona was a proximate cause of plaintiffs' injuries. Finally, it alleges that Castlepoint

Florida Insurance Company, a Florida corporation with its principal place of business in New York, was the insurer of GM Cargo and Carmona. The complaint alleges personal jurisdiction over Castlepoint "because it conducts substantial and continuous business" in Kansas. Dkt. 1, ¶¶ 7, 27.  It further alleges that K.S.A. § 66-1,128 permits a direct cause of action against Castlepoint.

Castlepoint moves to dismiss for lack of personal jurisdiction. It argues that it does not have sufficient minimum contacts with Kansas to satisfy due process. Castlepoint asserts that it has no office or agent in Kansas, does not transact any business in Kansas, has not caused any tortious injury in the state, and has no other ties to the state such as owning property, having a telephone listing, or having a bank account.

In response, plaintiffs argue that K.S.A. § 66-1,128 permits a direct action against an insurer arising out of a tort by an insured commercial trucker, and that such liability is sufficient for jurisdiction. Dkt. 37 at 1. Plaintiffs argue that "direct liability arising from the commission of 'a tortious act in the state' is sufficient to impose jurisdiction" under the Kansas long-arm statute, K.S.A. § 308(b)(1)(B).

**II. Standards.**

In determining whether a federal court has personal jurisdiction over a defendant, the court must determine: 1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant; and 2) whether the exercise of jurisdiction comports with due process. *Niemi v. Lasshofer*, 770 F.3d 1331, 1348 (10th Cir. 2014) (*citing Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006)).

2

Because Kansas's long-arm statute confers jurisdiction to the extent of the Due Process Clause, *see Merriman v. Crompton Corp.*, 282 Kan. 433, 459, 146 P.3d 162, 179 (2006),  the court can proceed directly to the question of due process.  *Niemi*, 770 F.3d at 1348.

An exercise of personal jurisdiction over a nonresident defendant is consistent with due process if: 1) the defendant has minimum contacts with the state such that it should reasonably anticipate being haled into court there; and 2) such jurisdiction will not offend traditional notions of fair play and substantial justice.  *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1067 (10th Cir. 2007).  The first step may be demonstrated by showing the existence of either general jurisdiction or specific jurisdiction. Because plaintiffs do not claim that general jurisdiction exists here, *see* Dkt. 37 at 1, the court turns to specific jurisdiction.

Under the specific jurisdiction requirement, a plaintiff must show that: 1) defendant has purposefully availed itself of the privilege of conducting activities or consummating a transaction in the forum state; and 2) the litigation results from alleged injuries that arise out of or relate to those activities. *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1160 (10th Cir. 2010).  In tort, as opposed to contract cases, courts sometimes employ the "purposeful direction" test, under which plaintiff must show: 1) an intentional action 2) that was expressly aimed at the forum state, and 3) with knowledge that the brunt of the injury would be felt in the forum state. *See Niemi*, 770 F.3d at 1348. In either case, the "purposeful" requirement is designed to ensure that a nonresident defendant is not haled into a jurisdiction solely as a result of random,

fortuitous, or attenuated contacts. *Id*. *See also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

The plaintiff bears the burden of establishing personal jurisdiction over a defendant. When a motion to dismiss for lack of jurisdiction is ruled on without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdiction. The plaintiff may meet its burden by demonstrating, via affidavits or other written materials, facts that if true would support jurisdiction over the defendant. *See OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998).

**III. Discussion**.

Exercise of jurisdiction over Castlepoint in this case is supported by defendant's minimum contacts with the state. While the record at this point does not include Castlepoint's insurance contract with GM Cargo,[1] plaintiffs' allegations show that Castlepoint purposefully provided commercial liability insurance to GM Cargo, an over-the-road motor carrier company that operates on Kansas highways and elsewhere. By Kansas law, carriers who operate in this state are required to maintain a certain minimum level of liability insurance, and the Kansas Supreme Court has determined that a party injured by a motor carrier has a direct cause of action in tort against the insurer. *Kirtland v. Tri-State Ins. Co.*, 220 Kan. 631, 556 P.2d 199 (1976). This is a procedural right, remedial in nature, that is designed to ensure adequate protection for

---

[1] Plaintiffs represent that neither Castlepoint nor its insured has produced a copy of the relevant policy. Dkt. 37 at 5.

members of the public from the negligent conduct of motor carriers on Kansas highways. *Id*. at 633-34.

Castlepoint's activities in this sense are purposely directed at Kansas, as it collects premiums from GM Cargo and in exchange provides the required coverage for the carrier's business operations in Kansas and elsewhere. Unlike some policies that exclude coverage in specified jurisdictions, Castlepoint does not deny that its policy provides coverage for its insured's operations in Kansas. Because the laws of Kansas allow a party injured by the negligence of a motor carrier to bring a direct action against the carrier's insurer, Castlepoint had fair warning that it could be subjected to suit in Kansas from the operations of its insured in this state. Moreover, jurisdiction here does not depend, as Castlepoint suggests, on the unilateral actions of its insured, because Castlepoint purposefully directed its commercial activities toward the area of its insured's operations, including those in Kansas, and it did so knowing that any injuries from its insured's negligence in Kansas would be felt in this state.  The fact that Castlepoint made a choice to insure trucking operations in Kansas, when it was on notice that it would be subject to direct suit for negligent injuries caused by its insured, takes this case out of the "unilateral activity of another party" or the "random," "fortuitous" or "attenuated" contacts that were insufficient to support jurisdiction in *Helicopteros Nacionales de Colombia, S.A., v. Hall*, 466 U.S. 408 (1984) and *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980).  *See TH Agriculture & Nutrition, LLC v. Ace European Group, Ltd.*, 488 F.3d 1282, 1290 (10th Cir. 2007) ("insurers quite clearly avail themselves of the privilege of conducting business in a forum state when that state

is included in an insurance policy's territory of coverage"). *Cf. OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1095 (10th Cir. 1998) (although disagreeing "to some extent" with cases that fail to examine defendant's actions or that rely too much on foreseeability, "we do agree that by contracting to defend the insured in the forum state, the insurer creates some contact with the forum state."). *See also Pugh v. Okla. Farm Bur. Mut. Ins. Co.*, 159 F.Supp. 155, 158-59 (E.D. La. 1958) ("Since the accident within the state is sufficient contact to justify maintenance of the suit for damages against the nonresident motorist, it would seem that the same accident should justify maintenance of the suit against his nonresident liability insurer who, after all, is the real party in interest."). In sum, plaintiffs' allegations show that Castlepoint has sufficient minimum contacts with Kansas and that the action arises out of those contacts.

The court further finds that the exercise of personal jurisdiction over Castlepoint is consistent with traditional notions of fair play and substantial justice. *See TH Agriculture*, 488 F.3d at 1292 (listing relevant factors). Among other things, the court notes that Castlepoint cites nothing concrete to suggest that defending the action in this forum would impose a significant burden on it; the State of Kansas has a significant interest in providing a forum in which persons injured on its highways can seek redress; the plaintiffs have elected the convenience of a Kansas forum; Kansas appears to be the most efficient place to litigate the dispute; and the exercise of jurisdiction by Kansas over this matter will not adversely affect the policies of foreign states. *Cf. Pugh*, 159 F.Supp. at 159 ("Having agreed to cover Louisiana risks, [the insurer] cannot deny

Louisiana courts the right to determine its liability on claims arising from accidents occurring in this state.").

**IT IS THEREFORE ORDERED** this 26th day of May, 2016, that defendant Castlepoint Florida Insurance Company's Motion to Dismiss (Dkt. 34) is DENIED.

_____s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE